UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW HAKIM PARKS,

    Plaintiff,

v.

WAYNE COUNTY, AND
HON. MARGARET VAN HOUTEN,

    Defendants.
_____/

Civil Nos.  2:22-cv-12842
              2:22-cv-12843
              2:22-cv-12844
Hon. Denise Page Hood

**ORDER CONSOLODATING AND SUMMARILY DISMISSING CASES**

Plaintiff, Andrew Hakim Parks, is a Michigan inmate serving a lengthy prison sentence for his 2018 Wayne Circuit Court conviction of assault with intent to commit murder and weapons offenses. Parks filed three *pro se* complaints under 42 U.S.C. § 1983, concerning a post-conviction review motion he filed in the state trial court. The cases will be consolidated and summarily dismissed.

I.

In Case No. 22-12842, Parks names Wayne County and his state court trial judge, Hon. Margaret Van Houten, as defendants. He asserts that he filed a motion for relief from judgment challenging his convictions, that the

1

prosecutor failed to timely respond to the motion, and that letters to the judge demanding a decision have gone unanswered.

The complaint in Case No. 22-12843 omits the judge as a defendant and names only Wayne County. It repeats the allegations about the prosecutor failing to respond to the post-conviction motion, and it notes that the County's conviction integrity unit requested but closed an investigation into his case.

Finally, in the complaint filed in Case No. 22-12844, Parks again complains about the failure of the prosecutor to respond to his post-conviction motion, and he asserts that the failure to respond should have resulted in a default judgment in his favor.

The three complaints variously seek a hearing on his post-conviction claims, an order granting a new trial, and damages for injuries suffered as the result of his wrongful incarceration.

II.

Federal Rule of Civil Procedure 42(a) provides:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

It is within the discretion of the district court to determine whether cases involving the same factual and legal questions should be consolidated. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). Parks' three complaints involve identical factual and legal questions. All three complaints concern the processing of his post-conviction motion by the state trial court and prosecutor. The Court will therefore consolidate the three cases pursuant to Federal Rule of Civil Procedure 42(a).

### III.

Parks has been granted permission to proceed *in forma pauperis*. Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

IV.

A.

The consolidated action is subject to summary dismissal for multiple reasons.

First, to the extent Parks seeks release from custody or a new trial based on his post-conviction claims, that is not an available remedy in a section 1983 action. Where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, a state inmate may not obtain injunctive relief under Section 1983 as a remedy for "the fact of his conviction or the duration of his sentence." *Id*. Parks' claims therefore fail as a matter of law to the extent he seeks an order requiring the State to retry him or release him from custody.

B.

Second, with respect to Parks' claim for damages resulting from a wrongful conviction, he may not seek such damages until such time as his sentence is invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the

4

Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Until such time as a court invalidates Parks' sentence on appeal or on habeas review, *Heck* bars his claim for damages.

C.

Finally, the Court must abstain from issuing declaratory or injunctive relief with respect to Parks' request for a speedier resolution of his post-conviction motion. In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury.

Although the *Younger* doctrine was first articulated with reference to state trial proceedings, it is also fully applicable to other proceedings in which "important state interests" are involved. *Moore v. Sims*, 442 U.S. 415, 423 (1979). The question is whether federal court interference would "unduly

5

interfere" with the legitimate activities of the state. *Juidice v. Vail*, 430 U.S. 327, 335-336 (1977).

A court employs three factors to determine whether the *Younger* abstention doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;

2. the proceedings must implicate important state interests; and,

3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

Applying the above test to Parks' complaints, the Court determines that it would be appropriate to abstain from issuing injunctive or declaratory relief. First, Parks' criminal proceeding is still pending because he claims that he filed a post-conviction motion that had yet to be ruled on by the trial court. Yet Parks does not claim that he has attempted to pursue any proceeding in the state appellate courts to compel the trial court to promptly rule on his motion. For purposes of *Younger*, a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state

6

appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989). The Court therefore finds that Parks has a pending state judicial proceeding.

Secondly, Parks' state post-conviction motion, in which he seeks to challenge the validity of his state court criminal conviction, clearly implicates important state interests. *See Hansel v. Town Court for Town of Springield, N.Y.*, 56 F.3d 391, 393 (2nd Cir. 1995).

Finally, Parks has an opportunity to address his claims in the state courts. Federal courts are directed to presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). As long as the state provides an opportunity to litigate his constitutional claims, abstention is required, even if a plaintiff fails to avail himself of this opportunity. *Todd v. Home Ins. Co.*, 809 F. Supp. 30, 31-32 (E.D. Mich. 1992).

If it were true that the trial court refused to rule on Parks' motion, Parks could seek an order of superintending control from the Michigan Court of Appeals pursuant to MICH. CT. R. 3.302 (D)(1). If the Michigan Court of Appeals failed to issue an order of superintending control compelling the trial

7

court to act, Parks could seek an order of superintending control from the Michigan Supreme Court. *See* MICH. CT. R. 7.301(A)(6). Because Parks has an adequate state court remedy, abstention is appropriate.

Because the Court is abstaining from hearing Parks' claims under *Younger*, the case will be dismissed without prejudice. *See Partington v. Gedan*, 961 F.2d 852, 860 (9th Cir. 1992).

V.

Accordingly,

**IT IS ORDERED** that case numbers 22-12842, 22-12843, and 22-12844 are **CONSOLIDATED**. The Clerk of the Court shall docket a copy of this order in all three cases.

**IT IS FURTHER ORDERED** that the Clerk shall docket all of the documents filed in cases 22-12843 and 22-12844 in case 22-12842. All future documents shall be filed under case 22-12842.

**IT IS FURTHER ORDERED** that plaintiff's complaints are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, the Court further certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Denise Page Hood<br>Denise Page Hood<br>United States District Court

Dated: March 16, 2023